Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Apelante<br><br>V.<br><br>NELSON PÉREZ DECLET<br><br>Apelado | TA2026AP00194 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Manatí<br><br>Caso Núm.: MT2023CV00852<br><br>Sobre: Cobro de Dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

El 23 de febrero de 2026, compareció ante este Tribunal de Apelaciones Island Portfolio Services, LLC., como agente de Fairway Acquisitions Fund, LLC., (en adelante, FAF o parte apelante), por medio de recurso de *Apelación.* Mediante este nos solicita que revisemos la *Sentencia* emitida el 16 de septiembre de 2025 y notificada el 18 de noviembre de 2025. En virtud del aludido dictamen, el foro *a quo* desestimó la *Demanda* presentada por la parte apelante por el fundamento de prescripción.

Por los fundamentos que adelante se exponen, se *confirma* la *Sentencia* apelada.

## I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de las de Procedimiento Civil, instada por la parte apelante en contra del señor Nelson Pérez Declet (en adelante, señor Pérez Declet o parte apelada). Según surge de la demanda, la parte apelada le solicitó a Banco Popular de Puerto Rico (BPPR), que le

extendiera un crédito mediante una cuenta de Tarjeta de Crédito con número 4549001170150807. Más adelante, FAF adquirió mediante cesión, todos los derechos, títulos e intereses sobre dicha cuenta. La parte apelante aseguró ser tenedor y dueño de la cuenta con número 4549001170150807, se subroga en los derechos del acreedor original y es el sucesor en interés de los términos y condiciones relacionados a la cuenta. Sostuvo que, conforme a los términos y condiciones del contrato, se aceleró el término de pago del balance total adeudado por el señor Pérez Declet a la parte apelante. De acuerdo a lo anterior, acotó que, la deuda reclamada era la suma de $9,055.52, la cual era cierta, estaba vencida, líquida y exigible. Indicó, además, que, la deuda no había sido satisfecha en todo ni en parte, pese a los múltiples requerimientos que se le habían hecho a la parte apelada. Por tanto, solicitó al foro primario declarar Con Lugar la *Demanda*, y ordenarle a la parte apelada pagar la suma de $9,055.52, más intereses al tipo legal sobre dicha cantidad, así como las costas, gastos y la suma de 10% del total adeudado por concepto de honorarios de abogado.

El 22 de noviembre de 2023, el foro apelado expidió *Notificación y Citación sobre Cobro de Dinero*, donde señaló juicio para el 24 de enero de 2024.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 4 de junio de 2024 fue celebrado el *Juicio en su Fondo*. Según se desprende de la *Minuta*, al mismo compareció la representación legal de la parte apelante, y la parte apelada por derecho propio. De acuerdo a la *Minuta*, la parte apelada expresó no reconocer la deuda reclamada, y que la cuenta no existía, ya que el BPPR la había cancelado. Añadió que, intentó llegar a un acuerdo con la parte apelante, pero que esta última no lo aceptó. Luego de evaluar la prueba documental y testifical, el caso quedó sometido para su adjudicación por el foro primario.

El 22 de abril de 2025, la parte apelante presentó *Moción Informativa y Aclarando el Tracto Procesal*.

Por otro lado, el 13 de mayo de 2025, la parte apelada presentó *Moción en Derecho Solicitando Desestimación de la Demanda*. En esencia, adujo que, no reconocía la alegada deuda reclamada, y que, la parte apelante no le había provisto evidencia suficiente o verificable que sustentara su reclamación. Ante lo anterior, solicitó al foro de primera instancia que desestimara la *Demanda*.

En respuesta, la parte apelante presentó *Moción Informativa, Aclarando Tracto Procesal, Oposición a Desestimación y Solicitando que se Dicte Sentencia*. Mediante esta, acotó que, la parte apelada tuvo oportunidad de presentar prueba a su favor en la celebración de la vista del juicio en su fondo, pero decidió no hacerlo. Asimismo, indicó que, el señor Pérez Declet tuvo oportunidad de presentar su argumento y tampoco lo hizo. Argumentó que, le correspondía a la parte apelada demostrar mediante prueba la inexistencia del hecho presumido. Le solicitó al foro *a quo* declarar Ha Lugar la *Demanda*.

El 16 de septiembre de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos atiene. Mediante dicho dictamen, el foro *a quo* esbozó las siguientes determinaciones de hechos:

1. La parte demandada tenía una cuenta de una tarjeta de crédito con el Banco Popular de Puerto Rico (cta. núm. 4549001170150807).

2. Dicha cuenta se originó el 12 de enero de 1985.

3. El 21 de enero del 2021 el acreedor original asignó y/o transfirió y/o vendió a la parte demandante todos los derechos, títulos e intereses sobre la deuda reclamada. La parte demandante actúa a su vez como agencia de cobro.

4. El 1 de septiembre del 2023 fue el intento más remoto, y a su vez reciente, de recobro de la deuda previo al inicio de cualquier acción legal por parte de la demandante.

5. La parte demandante cursó a la parte demandada aviso de cobro mediante correo certificado con acuse de recibo previo a la presentación de la demanda.

De igual manera, resolvió lo siguiente:

En el presente caso, versa sobre un cobro de dinero referente a cierta deuda que el demandado Pérez Declet acumuló en un momento dado sobre una tarjeta de crédito emitida por el Banco Popular de P.R. Conforme la prueba recibida y creída, queda claro que la cuenta se originó el 12 de enero del 1985; que la demandante Island adquirió la deuda del acreedor original el 21 de enero de 2021; y que realizó el 1 de septiembre de 2023 una primera y última gestión de cobro, por su parte, previo a que instara esta Demanda. No obstante, la parte demandante no logró acreditar —y manifestó desconocer— cual gestión oportuna que realizó el banco antes de traspasarle la cuenta del demandado para mantenerla vigente. O sea, al presente, no se tiene certeza si al momento en que la demandante adquirió la cuenta, el banco interrumpió el término prescriptivo de quince (15) años con el que contaba en aquel momento para instar la presente acción de cobro de dinero.

Así pues, sería especulativo atribuirle cualquier gestión de esa índole al banco sobre una cuenta que se originó hace aproximadamente 39 años atrás y que el demandado en todo momento ha mantenido que la misma es inexistente. La demandante no estableció con prueba fehaciente que, al momento en que adquirió la deuda, la acción para el recobro de esta no estaba prescrita. El demandado tampoco aceptó la deuda. Ante ello, no contamos con elementos de criterios necesarios para establecer que la cuenta estaba vigente cuando la demandante la adquirió. Es precisamente esta incertidumbre la que se procura desalentar con la implementación de los términos prescriptivos en nuestro ordenamiento jurídico.

Consecuentemente, el foro primario desestimó la *Demanda* bajo el fundamento de prescripción.

Inconforme, la parte apelante presentó *Moción de Reconsideración*. En su moción, arguyó que, la causa de acción no se encontraba prescrita, puesto que, la última fecha de emisión de *Estados de Cuenta* por parte de BPPR, para la tarjeta de crédito en cuestión, fue el 28 de agosto de 2014. Aseguró que en el caso de epígrafe no se trataba de una deuda prescrita, sino, de una deuda líquida, vencida y exigible de una cuenta tirada a pérdida en el año 2014, desde donde aplicaría el término prescriptivo de 15 años.

Reiteró que, pese a que la parte apelada no reconoció la deuda, esta no presentó prueba en contrario que demostrara que estuviera prescrita. La parte apelante añadió que, el foro apelado incurrió en abuso de discreción al admitir siete *exhibits* en evidencia, y no adjudicarles valor probatorio.

El 15 de diciembre de 2025, el señor Pérez Declet presentó *Oposición a Moción de Reconsideración*.

Mediante *Resolución Interlocutoria* emitida el 21 de enero de 2026, el Tribunal de Primera Instancia determinó lo siguiente:

EVALUADOS LOS PLANTEAMIENTOS CONTENIDOS EN LA MOCION DE RECONSIDERACION Y EN SU CONSECUENTE OPOSICION, EL TRIBUNAL SE REITERA EN LO PREVIAMENTE RESUELTO. POR TANTO, SE DECLARA SIN LUGAR LA RECONSIDERACION SOLICITADA.

Aún en desacuerdo, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

**Primer Error:** Incidió el Tribunal de Primera Instancia en abuso de su discreción y realizó un error manifiesto en Derecho, tras aplicar incorrectamente el derecho esbozado en el Código Civil al aceptar siete (7) exhibits en evidencia y no darles ningún valor probatorio.

**Segundo Error:** Incidió en error el Tribunal de Primera Instancia al declarar *Sin Lugar* la Moción de Reconsideración sin que la parte demandante-apelante incumplirá con las especificaciones de la Regla 47 de Procedimiento Civil.

El 28 de abril de 2026, la parte apelante presentó *Alegato Suplementario*.

Mediante *Resolución* emitida en igual fecha, le concedimos a la parte apelada hasta el jueves 28 de mayo de 2026 para presentar su alegato en oposición. Asimismo, acogimos la Transcripción de la Prueba Oral como estipulada por las partes.

Por otro lado, la parte apelada presentó *Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022). Además, que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[1].

No obstante, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG*

---

[1] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

*Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[2]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435. Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *Íd.* citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

### B. La Regla 60 de Procedimiento Civil

La Regla 60 de Procedimiento Civil, *supra*, existe para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal*, 2da ed., Publicaciones JTS, 2011, Tomo V, pág. 1803.

La referida Regla dispone lo siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de

---

[2] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

La antes citada Regla 60 establece un procedimiento sumario de cobro de dinero donde las reglas de procedimiento civil para trámites ordinarios aplicarán de manera supletoria, siempre y cuando sean compatibles con el mecanismo sumario establecido en la regla.[3] Por esto, "el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". *RMCA v. Mayol Bianchi*, 208 DPR 100, 107-108 (2021).

---

[3] *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2005).

En lo pertinente, nuestro Tribunal Supremo ha establecido que únicamente se pueden reclamar por vía judicial las deudas vencidas, líquidas y exigibles.[4] Respecto a los últimos dos conceptos, [ha] expresado que:

> El vocablo 'líquida' en relación con una cuenta, en lenguaje corriente significa el saldo 'o residuo de cuantía cierta que resulta de la comparación del cargo con la data'. Y la voz 'exigible' refiriéndose a una obligación, significa que puede demandarse su cumplimiento. [5]

La deuda es líquida por ser cierta y determinada[6] y es exigible porque puede demandarse su cumplimiento.[7] Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido".[8]

En el ámbito procesal, el hecho de que la deuda sea líquida y exigible en una demanda de cobro de dinero atendida conforme a la Regla 60 es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente.[9] Sobre ese particular, el Prof. Rafael Hernández Colón comentó que la reclamación sustancial que pueda tener el demandado que requiera la conversión del procedimiento puede ser "porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercero demandado, entre otras cosas".[10]

---

[4] *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001).

[5] *RMCA v. Mayol Bianchi*, supra, pág. 108, citando a *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950).

[6] *Ramos y otros v. Colón y otros*, supra, pág. 546, citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 16; *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965).

[7] *Guadalupe v. Rodríguez*, supra, pág. 966.

[8] *Íd.*

[9] *Cooperativa v. Hernández Hernández*, supra, pág. 636, citando a *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 100 (2002).

[10] R. Hernández Colón, *Práctica Jurídica de Puerto Rico. Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, sec. 2404, pág. 629.

### C. La prescripción

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Supermercado Los Colobos*, 213 DPR 80 (2023); *Ross Valdón v. Hosp. Dr. Susoni et al.*, 213 DPR 481,496 (2024); *Serrano Rivera v. Foot Locker Retail Inc.*, 182 DPR 824, 831 (2011). La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374. Asimismo, tiene como propósito "castigar la dejadez en el ejercicio de los derechos y evitar litigios que sean difíciles de adjudicar debido a la antigüedad de las reclamaciones". *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335, 355-356 (2023), citando a *SLG García-Villega v. ELA et al.*, 190 DPR 799, 812 (2014).

En lo que concierne a la controversia ante nos, el Artículo 1864 del Código Civil de Puerto Rico[11] dispone, en su parte aquí pertinente, que las acciones "personales que no tengan señalado término especial de prescripción", prescriben a los quince (15) años. 31 LPRA ant. sec. 5294. Sobre el momento en que comienza a decursar el término de prescripción para ejercer una acción personal, el Artículo 1869 del Código Civil de Puerto Rico dispone que, el tiempo para la prescripción de toda clase de

---

[11] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, los hechos que dan base a la presente controversia tuvieron lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse. 31 LPRA § 5299; *Ojeda v. El Vocero de P.R.*, 137 DPR 315, 324 (1997).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el foro primario abusó de su discreción y realizó un error manifiesto de derecho, al aplicar incorrectamente el derecho esbozado en el Código Civil, y al aceptar siete *exhibits* en evidencia y no brindarles ningún valor probatorio.

Como segundo señalamiento de error, la parte apelante arguye que, el foro primario incidió al declarar Sin Lugar la *Moción de Reconsideración* sin que se incumpliera con las especificaciones de la Regla 47 de Procedimiento Civil.

Según surge del expediente, la parte apelante adquirió los derechos, títulos e intereses sobre la deuda reclamada en la *Demanda*. De acuerdo a la parte apelante, la parte apelada le adeuda una suma de $9,055.52, más intereses al tipo legal sobre dicha cantidad, así como las costas, gastos y la suma de 10% del total adeudado por concepto de honorarios de abogado.

El foro de primera instancia, luego de evaluar la prueba documental y testifical, determinó que, la acción de epígrafe se encontraba prescrita. Por tanto, desestimó la *Demanda* por prescripción.

Conforme el derecho reseñado, la prescripción es una de las formas de extinción de las obligaciones.[12] En lo pertinente, el Art. 1864 del derogado Código Civil, dispone que, las acciones

---

[12] *Ross Valdón v. Hosp. Dr. Susoni et al.*, supra, pág. 496.

"personales que no tengan señalado término especial de prescripción", prescriben a los quince (15) años.[13]

Coincidimos con la primera instancia judicial en cuanto a que, la parte apelante no estableció mediante prueba fehaciente que al momento de esta adquirir la deuda, la causa de acción no se encontraba prescrita. Si bien es cierto que, la parte apelante presentó como parte de la prueba, unos estados de cuenta de los años 2013 y 2014, esta no presentó sometió evidencia de ninguna gestión previa que demostrara que el acreedor original ejecutó alguna acción de cobro en contra de la parte apelada. Conforme surge del expediente, la cuenta núm. 4549001170150807 fue originada el 12 de enero de 1985. Desde esa fecha, hasta la fecha de los aludidos estados de cuenta de 2013-2014, no hay ningún documento que establezca gestión de cobro alguna por parte del BPPR. Como bien resolvió el Tribunal de Primera Instancia, no podemos atribuirle una gestión de cobro que no se documentó y de la cual no se presentó evidencia.

De una evaluación del expediente ante nuestra consideración, concluimos que, la reclamación de epígrafe se encuentra prescrita. Consecuentemente, el foro de primera instancia no incidió al desestimar la *Demanda* por prescripción.

Es nuestra postura que las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien – de ordinario – se encuentra en mejor posición para aquilatar la prueba testifical.[14] Tal deferencia podrá ser preterida cuando medie pasión, prejuicio, parcialidad o error manifiesto.[15]  En el caso de marras, la parte peticionaria no

---

[13] 31 LPRA ant. sec. 5294.
[14] *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219.
[15] *Íd.*

logró demostrar la existencia de pasión, prejuicio, parcialidad o error manifiesto.

Conforme a lo anterior, razonamos que, no se cometieron los errores señalados.

**IV**

Por los fundamentos expuestos, se *confirma* la Sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones